**Signed and Filed: January 13, 2009**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CRAIG W. HOM and AILEEN R. CUSTODIO,<br><br>                Debtors. | Bankruptcy Case<br>No. 08-30809DM<br><br>Chapter 7 |
| PUTNAM LEASING COMPANY, INC., a Connecticut Corporation,<br><br>                Plaintiff,<br><br>v.<br><br>AILEEN CUSTODIO aka AILEEN COSTODIO, aka AILEEN R. CUSTIDO, aka AILEEN CUSTODIA, aka AILEEN R. ZUNIGA, aka AILEEN C. ZUNIGA, aka AILEEN R. CUSTOOLO, aka AILEEN CUSTARIO aka CUSTUDIO AILEEN aka ZUNIGA AILEEN CUSTODIO,<br><br>                Defendant. | Adversary Proceeding<br>No. 08-3085DM |

MEMORANDUM DECISION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

    Defendant Aileen R. Custodio has filed a motion for summary judgment, or for summary adjudication. Plaintiff Putnam Leasing Company, Inc., has failed to respond to the motion, now set for hearing on January 16, 2009.

    The court has reviewed the motion and finds that it is well taken as to the first claim for relief. Defendant is entitled to

summary judgment in her favor to the effect that any liability to plaintiff is dischargeable.

As to the second claim for relief, the motion is well taken as to the Murchison Property, and defendant is entitled to summary adjudication that her conduct regarding the disposition of that property and the reporting of it have been adequately explained and nothing that she did or did not do can constitute grounds to deny her discharge under 11 U.S.C. § 727.

The remainder of the second claim for relief pertains to unspecified transfer(s), concealment, etc., of property; a knowing and fraudulent false oath; and withholding of books and records, etc. (See complaint, ¶¶ 15a, b & c. Since defendant's motion did not include any facts to rebut these allegations, it must be denied except to the extent that they pertain to the Murchison Property.

The court cannot determine whether plaintiff intends to prosecute this adversary proceeding any further. To that end, it will vacate the trial date, not set for February 23, 2009, at 9:30 A.M. Instead, the court will hold a status conference at that time and date; prior to that date counsel are directed to meet and confer regarding any remaining issues to be tried. If plaintiff elects not to proceed, a statement to that effect should be filed, in which case counsel for defendant should submit and order and judgment consistent with this memorandum. The motion will be taken off calendar.

**END OF MEMORANDUM DECISION**

```
 1                    COURT SERVICE LIST

 2  Allan Herzlich, Esq.
    Law Offices of Allan Herzlich
 3  15760 Ventura Blvd. #2024
    Encino, CA 91436-3095
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

Case: 08-03085    Doc# 18    Filed: 01/13/09    Entered: 01/14/09 13:50:25    Page 3 of 3